

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00910-CV

**IN THE INTEREST OF B.S.**, II

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-03051
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  June 11, 2014

AFFIRMED

B.S. appeals the order terminating his parental rights to his son, B.S., II.  The sole issue raised on appeal is a challenge to the sufficiency of the evidence to support the trial court's finding that termination of B.S.'s parental rights was in B.S., II's best interest.  We affirm the trial court's order.

### BACKGROUND

The Texas Department of Family and Protective Services ("the Department") filed suit to terminate B.S.'s parental rights to B.S., II when B.S., II was six weeks old.  B.S. was appointed temporary possessory conservator and was ordered to comply with a service plan during the pendency of the suit, including refraining from engaging in criminal activity.  A bench trial was conducted on December 16, 2013.  Department caseworker Marissa Lares testified that B.S. is

currently incarcerated in the Leblanc Unit in Beaumont, Texas and has a projected release date of November 29, 2014. Lares stated that B.S. had not completed his court-ordered service plan. B.S. has not shown that he can maintain stable employment or housing. B.S. has not shown that he can provide a safe and stable home for B.S., II. According to Lares, B.S. was arrested in February 2013. B.S. had only visited his son twice, and last saw him in January 2013. B.S. had not been able to form a bonding relationship with B.S., II. In Lares's opinion, B.S. had constructively abandoned B.S., II and it was in B.S., II's best interest that B.S.'s parental rights be terminated.

B.S. appeared at trial by audio conference. At the time B.S., II was born, B.S. was serving probation on a drug offense. Shortly after B.S., II's birth, B.S. was arrested for deadly conduct; thereafter, his probation was revoked and he was sentenced to a four-year term of confinement. B.S. asked the court not to terminate his parental rights because he was currently in a six-month therapeutic program and was doing everything he could to better himself and his child. B.S. testified that he would be released in May 2014 and would like to be reunited with his son. He stated that he was unable to comply with some of the requirements of the service plan due to his incarceration. B.S. testified that he "think[s]" he has a place to parole to, and will be able to provide a stable environment for his son. He proposed that B.S., II be placed with one of the mothers of his other children until he is released from prison, but had not provided their contact information to the Department. After hearing the evidence, the trial court terminated B.S.'s parental rights.

## STANDARD OF REVIEW

To terminate parental rights pursuant to section 161.001 of the Family Code, the Department has the burden to prove: (1) one of the predicate grounds in subsection 161.001(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1), (2) (West 2014); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The applicable

burden of proof is the clear and convincing standard. TEX. FAM. CODE ANN. § 161.206(a) (West 2014); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

In reviewing the legal sufficiency of the evidence to support the termination of parental rights, the court must "look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. "[A] reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.*

In reviewing the factual sufficiency of the evidence to support the termination of parental rights, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id.* "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.*

## PREDICATE FINDINGS

B.S. does not challenge the sufficiency of the evidence to support the predicate findings, which included findings that B.S.:

> (1) constructively abandoned [B.S., II] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than six months and: (a) the [Department] ha[d] made reasonable efforts to return [B.S., II] to [B.S.]; (b) [B.S.] ha[d] not regularly visited or maintained significant contact

with [B.S., II]; and (c) [B.S.] ha[d] demonstrated an inability to provide [B.S., II] with a safe environment;

(2) failed to comply with the provisions of a court order that specifically established the actions necessary for [B.S.] to obtain the return of [B.S., II] who ha[d] been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of [his] removal from [B.S.]; and

(3) knowingly engaged in criminal conduct that has resulted in [B.S.'s] conviction of an offense and confinement or imprisonment and inability to care for [B.S., II] for not less than two years from the date of the filing of the petition[.]

### BEST INTEREST FINDING

In reviewing the sufficiency of the evidence to support the best interest finding, we apply the factors set out in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).  Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody for the child; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  *Id.*  The foregoing factors are not exhaustive, and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest."  *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

Based on the testimony of B.S. and the Department caseworker, the trial court could have found the following: B.S., II was one year old at the time of trial.  Since January of 2013, B.S. had visited the child twice, and had since been incarcerated.  During the pendency of the termination suit, B.S. committed a criminal act, causing his probation to be revoked and his incarceration.  B.S. had not completed his court-ordered family service plan.  B.S. was not bonded to B.S., II and was

unable to support B.S., II physically, emotionally, and financially. B.S., II had lived in a foster home for the six months prior to trial—for half of his life—and was bonded to his new family, who wanted to adopt him. *See* TEX. FAM. CODE ANN. § 263.307(a) (West 2014) (prompt and permanent placement of child in safe environment presumed to be in best interest of child). Based on the foregoing facts, the trial court could have formed a firm belief or conviction that it was in B.S., II's best interest that B.S.'s parental rights be terminated.

### CONCLUSION

Based on the foregoing analysis, we affirm the order of the trial court.

Rebeca C. Martinez, Justice